RECEIVED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2012 MAY 29 PM 4: 51
ORLANDO DIVISION

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

LARRY RUMBOUGH,

Plaintiff,

Case No. 6:12-cv-811-ORL-22-DAB

-v-

EXPERIAN INFORMATION SOLUTIONS,
INC.; LEXISNEXIS RISK DATA RETRIEVAL
SERVICES LLC,

Defendants.

## VERIFIED COMPLAINT

Plaintiff, Larry Rumbough, hereby sues Defendants, EXPERIAN INFORMATION SOLUTIONS, INC. and LEXISNEXIS RISK DATA RETRIEVAL SERVICES; and alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p.

3. Venue is proper in this Circuit pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed $75,000.00.

5. Plaintiff, LARRY RUMBOUGH, is a natural person and is a resident of the State of Florida.

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is an Ohio corporation, authorized to do business in Florida.

7. Defendant, LEXISNEXIS RISK DATA RETRIEVAL SERVICES LLC ("LexisNexis"), is a Georgia LLC, authorized to do business in Florida.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. Plaintiff sent dispute letters to Experian regarding inaccuracies on his credit report reported by LexiswNexis on October 5, 2007, January 10, 2008, March 20, 2008, May 10, 2008, June 27, 2008, August 12, 2008, September 26, 2008, November 21, 2008, January 5, 2009, February 20, 2009, May 15, 2009, June 30, 2009, and September 25, 2009. The details of Plaintiff's disputes are outlined in those letters.

10. Experian provided Plaintiff's consumer report to Oliphant Financial Corpo on April 30, 2007, Phillips & Cohen on May 4, 2009, Bank of America on December 16, 2008, and Chase on January 29, 2010, among others, without verifying that those entities had a permissible purpose to obtain it.

11. Experian failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

12. LexisNexis failed, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report; failed to provide all of the information on file, failed to provide trained personnel to explain to Plaintiff the information in his file, failed to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, failed to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof, failed to properly advise Plaintiff of his ability to make a consumer explanation, failed to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff; failed to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or failed to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor; failed to permanently correct Plaintiff's report after repeated notification by Plaintiff; failed to properly reinvestigate Plaintiff's disputes; and concealed from or misrepresented facts to Plaintiff regarding his report.

13. LexisNexis has reported false information about Plaintiff to credit reporting agencies, including Equifax, Experian, and Trans Union, and Innovis, and continued to do so despite Plaintiff's numerous disputes about the account that were transmitted through the credit reporting agencies.

14. LexisNexis did not provide a notice of such furnishing of negative information, in writing, to Plaintiff.

15. LexisNexis has repeatedly failed to conduct a proper investigation of Plaintiff's disputes and repeatedly failed to inform the credit reporting agencies that the account was in dispute.

16. The false information pertains to an alleged lien in Orange County Circuit Court, which does not exist. Plaintiff called LexisNexis on August 22, 2008 and June 9, 2010 and demanded that LexisNexis correct the inaccurate information. LexisNexis refused to do so.

## COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 BY DEFENDANTS EXPERIAN AND LEXISNEXIS

17. Paragraphs 1 through 16 are realleged as though fully set forth herein.

18. Plaintiff is a consumer within the meaning of §1681a(c).

19. Experian and LexisNexis are consumer reporting agencies as defined in §1681(f), regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in §1681(a)(b), to third parties for monetary compensation.

20. LexisNexis is a furnisher of information within the meaning of §1681s-2.

21. For, at least, two years preceding this suit through the present, Experian and LexisNexis have reported and continue to report to numerous persons and entities inaccurate, misleading, and unverifiable adverse information about Plaintiff. This information has consisted of numerous delinquent tradelines and inquiries.

22. Experian and LexisNexis reported this inaccurate and adverse information despite receiving numerous written notices, electronic notices, and telephone contacts by Plaintiff disputing the inaccurate information.

23. §1618(n) provides for liability against a consumer reporting agency that willfully fails to comply with any requirement imposed by FCRA.

24. §1681e(b) provides:

"Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

25. §1681i(a) provides:
"If the completeness or accuracy of any item of information contained in a consumer's file is disputed by a consumer, and such dispute is directly conveyed to the consumer reporting agency by the consumer, the consumer reporting agency shall within a reasonable period of time reinvestigate and record the current status of that information....If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information....

26. §1681i(b) provides:
"If the reinvestigation does not resolve the dispute, the consumer may file a brief statement setting forth the nature of the dispute. The consumer reporting agency may limit such statements to not more than one-hundred words if it provides a consumer with assistance in writing a clear summary of the dispute."

27. §1681i(c) provides:
"Whenever a statement of a dispute is filed, unless there is reasonable grounds to believe that it is frivolous or irrelevant, the consumer reporting agency shall, in any subsequent consumer report containing the information in question, clearly note that it is disputed by the consumer and provide either the consumer statement or a clear and accurate clarification or summary thereof."

28. §1681b(f) provides:
"A person shall not use or obtain a consumer report for any purpose unless—
(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
(2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

29. §1681s-2 provides:
"After receiving notice pursuant to section §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall
(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section §1681i;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–

(i) modify that item of information;
(ii) delete that item of information; or
(iii) permanently block the reporting of that item of information.

30. §1681s-2 provides:
"If any financial institution that extends credit and regularly and in the ordinary course of business furnishes information to a consumer reporting agency described in section 603(p) furnishes negative information to such an agency regarding credit extended to a customer, the financial institution shall provide a notice of such furnishing of negative information, in writing, to the customer."

31. Experian and LexisNexis violated the FCRA. Defendant's violations include, but are not limited to, the following:
   a) failing, in the preparation of Plaintiff's reports, to follow reasonable procedures to assure the maximum possible accuracy of the information in the report;
   b) failing to provide all of the information on file, in violation of §1681(g);
   c) failing to provide trained personnel to explain to Plaintiff the information in his file, in violation of §1681(h)(c);
   d) failing to delete incomplete, misleading, and inaccurate information in Plaintiff's file after being advised of such by Plaintiff or after conducting reinvestigations, in violation of §1681(i)(a);
   e) failing to provide subsequent users of the report with the Plaintiff's statement of dispute or a summary thereof in violation of §1681(i)(c);
   f) failing to properly advise Plaintiff of his ability to make a consumer explanation;
   g) failing to properly notify, train or otherwise advise its own subscribers about purging their records of inaccurate information concerning Plaintiff;
   h) failing to establish any procedure by which reinvestigation would occur immediately upon the republication by the credit grantor of the inaccurate information or by failing to have a reasonable procedure by which to immediately notify the Plaintiff that the same inaccurate information, previously deleted or disputed, was re-reported by the credit grantor;
   i) failing to permanently correct Plaintiff's report after repeated notification by Plaintiff;
   j) failing to properly reinvestigate Plaintiff's disputes; and by
   k) concealing from or misrepresenting facts to Plaintiff regarding his report.

32. LexisNexis violated the FCRA. Defendant's violations include, but are not limited to, the following:
   (a) LexisNexis violated § 1681s-2 by not properly conducting and reporting reinvestigations of information disputed by Plaintiff through the credit reporting agencies.

WHEREFORE, Plaintiff demands judgment for damages against Experian and LexisNexis for actual or statutory damages, and punitive damages, attorney's fees and court costs, and grant such other and further relief as the court deems just and proper, pursuant to 15 U.S.C. §1681(n) and 15 U.S.C. §1681(o).

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

## VERIFICATION

All the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Dated: May 29, 2012

Respectfully submitted,

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 29th day of May, 2012 by U.S. Mail delivery to:

Thomas Tierney
Rossway Moore & Taylor
2101 Indian River Boulevard, Suite 200
Vero Beach, FL 32960

Ronal Raether
Faruki Ireland 7 Cox P.L.L.
10North Ludlow Street
500 Courthouse Plaza, S.W.
Dayton, OH 45402

*Larry Rumbough*
Larry Rumbough
840 Lilac Trace Lane
Orlando, FL 32828
321-331-1859