UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,                              CASE NO. 6:12-cv-811-ORL-22 DAB

         Plaintiff,                           (Judge Anne C. Conway)

vs.

EXPERIAN INFORMATION SOLUTIONS,
INC., and LEXISNEXIS RISK DATA
RETRIEVAL SERVICES, LLC,

         Defendants.
_____/

**ANSWER OF DEFENDANT LEXISNEXIS RISK
DATA RETRIEVAL SERVICES, LLC TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendant LexisNexis Risk Data Retrieval Services LLC ("LNRDRS"), answers the Verified Complaint of Plaintiff Larry Rumbough ("Plaintiff") as follows:

**PRELIMINARY STATEMENT**

1. LNRDRS admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

**JURISDICTION AND VENUE**

2. LNRDRS admits that Plaintiff asserts that this Court has jurisdiction over this action under 15 U.S.C. § 1681p, and LNRDRS further states that 28 U.S.C. § 1331 generally provides subject matter jurisdiction for such claims. LNRDRS denies all remaining allegations in paragraph 2 of the Verified Complaint.

3. LNRDRS states that no response to the allegations in paragraph 3 of the Verified Complaint is necessary as they purport to allege legal conclusions. To the extent a response is required, LNRDRS denies any factual allegations of paragraph 3.

4.     LNRDRS denies the allegations of paragraph 4 of the Verified Complaint.

5-6.   LNRDRS denies the allegations of paragraphs 5-6 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

7.     LNRDRS states that LNRDRS is a Georgia corporation and is registered to do business in the State of Florida.  LNRDRS denies all of the remaining allegations in paragraph 7 of the Verified Complaint.

8.     LNRDRS states that no response to the allegations in paragraph 8 of the Verified Complaint is necessary as they purport to allege legal conclusions.  To the extent a response is required, LNRDRS denies any factual allegations of paragraph 8 outright, and for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

## FACTUAL ALLEGATIONS

9.     LNRDRS denies any allegations of paragraph 9 of the Verified Complaint that relate to LNRDRS.  LNRDRS denies the remaining allegations of paragraph 9 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

10-11. LNRDRS denies the allegations of paragraphs 10-11 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

12-15. LNRDRS denies the allegations of paragraphs 12-15 of the Verified Complaint.

16.    LNRDRS admits that it collected from the "County Comptroller" of Orange County, Florida documents indicate that on November 22, 2005 a "Notice of Federal Tax Lien" was recorded in "Book8348/Page4985" against a "Larry Rumbough" residing at "840 Lilac Trace

Ln., Orlando, FL 32828-7246" in the amount of $183,333.44.[1] LNRDRS also admits that at least one of its employees spoke with Plaintiff on the telephone on at least one occasion. LNRDRS denies all of the remaining allegations in paragraph 16 of the Verified Complaint.

**COUNT I**
**ALLEGED VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA),**
**15 U.S.C. § 1681 BY DEFENDANTS EXPERIAN AND LEXISNEXIS**

17. LNRDRS incorporates that admissions and denials of the allegations in paragraphs 1 through 16 of Plaintiff's Verified Complaint as though fully set forth herein.

18. LNRDRS denies the allegations of paragraph 18 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

19. LNRDRS denies any allegations of paragraph 19 of the Verified Complaint that relate to LNRDRS. LNRDRS denies the remaining allegations of paragraph 19 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

20. LNRDRS denies the allegations of paragraph 20 of the Verified Complaint.

21-22. LNRDRS denies any allegations of paragraphs 21-22 of the Verified Complaint that relate to LNRDRS. LNRDRS denies the remaining allegations of paragraphs 21-22 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

---

[1] Notice of Federal Tax Lien, CFN#20050828898 (County Comptroller, Orange County, Florida Nov. 22, 2005) is attached as Exhibit A. The Federal Tax Lien also included a social security number, which has been redacted pursuant to Fed. R. Civ. P.. 5.2(a)(1).

23-30.  LNRDRS states that no response to the allegations in paragraphs 23-30 of the Verified Complaint is necessary as they purport to allege legal conclusions.  To the extent a response is required, LNRDRS denies any factual allegations of paragraphs 23-30.

31.  LNRDRS denies any allegations of paragraph 31 of the Verified Complaint that relate to LNRDRS.  LNRDRS denies the remaining allegations of paragraph 31 of the Verified Complaint for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted as to others, and denies the allegations on that basis.

32.  LNRDRS denies the allegations of paragraph 32 of the Verified Complaint.

LNRDRS denies all the remaining allegations of the Verified Complaint to the extent not expressly admitted above and otherwise denies that it is liable to Plaintiff for any of the requests for relief set forth in the WHEREFORE clause of the Verified Complaint.

## ADDITIONAL DEFENSES

Without admitting any of the allegations of the Verified Complaint and without admitting or acknowledging that LNRDRS bears any burden of proof as to any of them, LNRDRS asserts the following additional defenses.  LNRDRS intends to rely upon any additional defenses that become available or apparent during pretrial proceedings and discovery in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### FIRST ADDITIONAL DEFENSE

Plaintiff's Verified Complaint fails to allege <u>any</u> facts regarding his alleged damages, let alone facts sufficient to merit a recovery of actual damages, punitive damages, interest, attorney's fees, costs, or any other relief.

### SECOND ADDITIONAL DEFENSE

The Verified Complaint fails because Plaintiff has not suffered any injury traceable to any conduct by LNRDRS, and therefore Plaintiff lacks standing to bring any claim against LNRDRS.

### THIRD ADDITIONAL DEFENSE

LNRDRS is neither a consumer reporting agency nor a furnisher under the FCRA, and therefore has no duty to comply with the obligations of consumer reporting agencies or furnishers under the FCRA.

### FOURTH ADDITIONAL DEFENSE

The Verified Complaint fails to state a claim upon which relief can be granted.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's Verified Complaint fails because the allegations do not meet the standards of the Federal Rules of Civil Procedure and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S. Ct. 1955 (2007).

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims fail because Plaintiff cannot prove injury in fact or causation for any alleged violation of the FCRA.  If Plaintiff was injured and damaged, which injury and damages specifically are denied, then any injury and damages was caused in whole or in part by the acts or admissions of others, whether individual, corporate or otherwise for whose conduct LNRDRS is not responsible.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff failed to take reasonable steps to protect himself from the damage, if any, alleged in the Verified Complaint, and failed to mitigate any such alleged damage.

### EIGHTH ADDITIONAL DEFENSE

LNRDRS is entitled to a set-off, should any damages be awarded against it, in the amount of any damages or settlement amounts recovered by Plaintiff with respect to the same alleged injuries. LNRDRS is also entitled to have any damages that may be awarded to Plaintiff reduced by the value of any benefit or payment to Plaintiff from any collateral source.

### NINTH ADDITIONAL DEFENSE

Plaintiff's claims to statutory damages fail because LNRDRS did not willfully violate any provision of the FCRA.

### TENTH ADDITIONAL DEFENSE

Plaintiff's claims for punitive damages are unconstitutional to the extent they violate constitutional protections of the United States Constitution. An award of punitive damages in this action would violate the due process rights of LNRDRS under (1) the Fifth and Fourteenth Amendments to the United States Constitution; and (2) the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. Punitive damages are penal in nature and LNRDRS is being subjected to a claim for criminal penalty without the constitutional safeguards against double jeopardy, vagueness, lack of specific guidelines and standards, self-incrimination, proof beyond a reasonable doubt, equal protection, substantive due process, and procedural due process.

### ELEVENTH ADDITIONAL DEFENSE

Plaintiff cannot recover against LNRDRS to the extent that the Verified Complaint, and each of its purported causes of action, is barred by the statute of limitations.

### TWELFTH ADDITIONAL DEFENSE

LNRDRS incorporates the defenses of all other persons or entities who may become parties to this action as if those defenses were set forth.

## THIRTEENTH ADDITIONAL DEFENSE

LNRDRS reserves the right to amend its answer and to raise additional defenses that may arise during the course of this litigation.

WHEREFORE, LNRDRS requests that this Court:

(a) dismiss Plaintiff's Complaint with prejudice;

(b) enter judgment in favor of LNRDRS;

(c) award LNRDRS its attorney's fees and expenses pursuant to 15 U.S.C. §§ 1681n and 1681o;

(d) award LNRDRS its costs; and

(e) award LNRDRS such other relief that this Court finds necessary and appropriate.

Respectfully submitted,

*/s/ Rachael M. Crews*_____
Rachael M. Crews
Florida Bar # 0795321
GrayRobinson, P.A.
P.O. Box 3068
Orlando, FL  32802-3068
Telephone:  (407) 843-8880
Telecopier:  (407) 244-5690
rcrews@gray-robinson.com
Counsel for Defendant LexisNexis Risk Data Retrieval Services, LLC

## CERTIFICATE OF SERVICE

I certify that on this 19th day of September, 2012, I electronically filed the foregoing Answer Of Defendant LexisNexis Risk Data Retrieval Services, LLC To Plaintiff's Verified Complaint with the Clerk of Courts using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Rachael M. Crews*
Rachael M. Crews

\823554\1 - # 1795618 v1