**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LARRY RUMBOUGH**

                                      **Case No. 6:12-cv-00811-ACC-DAB**

**v.**

**EXPERIAN INFORMATION**
**SOLUTIONS, INC.; LEXISNEXIS RISK**
**DATA RETRIEVAL SERVICES, LLC**

## <u>CASE MANAGEMENT REPORT</u>

The parties have agreed on the following dates and discovery plan pursuant to

Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | November 30, 2012 |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | December 21, 2012 |
| Fact Discovery Deadline | May 3, 2013 |
| Disclosure of Expert Reports          Plaintiff:<br><br>                             Defendant:<br><br>[Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | June 3, 2013<br><br>July 1, 2013 |
| Expert Discovery Deadline<br><br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | August 2, 2013 |
| Mediation                      Deadline:<br><br>                         Mediator:<br><br>                       Address:<br><br><br><br>                    Telephone: | August 21, 2013<br><br>Emery H. Rosenbluth<br><br>1015 Maitland Ctr Commons Blvd, Ste 110<br><br>Maitland, FL 32751<br><br>(321) 263-0300 |

| | |
|---|---|
| [Absent arbitration, mediation is *mandatory*;<br><br>Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court requires 5 months or more before trial term begins] | September 3, 2013 |
| All Other Motions Including Motions *In Limine*, Trial Briefs | December 2, 2013 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)<br><br>[Court recommends 6 weeks before Trial | December 20, 2013 |
| Trial Term Begins<br><br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | February 3, 2014 |
| Estimated Length of Trial  [trial days] | 5 trial days |
| Jury Trial | Plaintiff has requested a jury trial. |
| All Parties Consent to Proceed Before Magistrate Judge | Yes ___       No [_X_]<br>Likely to Agree<br>in Future _____ |

I.     Meeting of Parties in Person

       Lead counsel must meet *in person* and not by telephone absent an order

permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel

agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

meeting was held in person on **September 10, 2012** at **4:30 pm** at **301 East Pine Street Suite 1400 Orlando, Florida 32801** and was attended by:

| <u>Name</u> | <u>Counsel for (if applicable)</u> |
|---|---|
| **Thomas W. Tierney** | **Experian Information Solutions, Inc.** |
| **Larry Rumbough and Marshall Gilmore** | **Plaintiff** |
| **Rachael Mahaffey Crews** | **LexisNexis Risk Data Retrieval Services, LLC** |

II.     Pre-Discovery Initial Disclosures of Core Information

Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties [____] have exchanged [ **X** ] agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by **November 30, 2012.**

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further discussed in Section III below.

**Parties agree to disclose information as described in Fed.R.Civ.P. 26(a)(1)(A)-(D).**

III.    Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that:

[_____] no party anticipates the disclosure or discovery of ESI in this case.

ATI-2531113

[___X___] one or more of the parties anticipate the disclosure or discovery of ESI in this case.

**However, the parties do not anticipate this action will involve the production of a large amount of ESI.**

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A.      The form or forms in which ESI should be produced.

**The parties agree that, due to the low volume of ESI likely to be produced in this action, production of emails or other ESI shall be in paper or PDF form. The parties agree to confer should any issues arise with respect to form of production.**

B.      Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

**The parties anticipate production of documents relevant to the Complaint or defenses thereto, including emails sent, received or otherwise in possession of and stored by parties in the ordinary course of business and reasonably accessible, in addition to records from non-party entities.**

C.      Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

---

[2] See Generally:  *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26(f) and Rule 16.

ATI-2531113

**The parties believe that electronic discovery beyond that kept in the ordinary course of business and reasonably accessible will not be needed.   The parties agree to confer should any issues arise with respect to this issue.**

D.     The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

**In the event that discovery from the parties of ESI reasonably kept in the ordinary course of business and reasonably accessible is insufficient, the parties may find it necessary seek production of ESI from other sources and agree that the party seeking such ESI discovery other than as kept by the parties in the ordinary course of business and reasonably accessible will bear the reasonable cost of such discovery, except to the extent that any party has not reasonably preserved such electronic documents.**

E.     The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

**The parties believe that electronic discovery beyond that kept in the ordinary course of business and reasonably accessible will not be needed.**

F.     Any issues relating to preservation of discoverable ESI.

**The parties have taken reasonable measures in the ordinary course of business to preserve documents and other discoverable information including**

- 5 -

**ESI.  The parties have agreed to continue to preserve any discoverable evidence, including ESI, in the ordinary course of business.**

G.     Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under Federal Rules of Evidence Rule 502.  If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report.  The parties should attempt to agree on protocols that minimize the risk of waiver.  Any protective order shall  comply  with  Local  Rule  1.09 and  Section IV.F.  below on  Confidentiality Agreements.

**The parties agree to redact account and Social Security numbers from documents filed with the court.**

**The parties agree that if the need for a protective order arises, they shall submit a copy of the proposed order to the Court.**

**Inadvertent disclosure of information protected by the attorney-client and/or work-product privileges shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information and without retaining a copy.**

H.     Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

**The parties do not believe specifications as to the discovery of ESI are necessary.**

- 6 -

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

**N/A**

If there are disputed issues specified above, or elsewhere in this report, then:

[_____] one or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed.R.Civ.P.

[  **X**  ] all parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.    Agreed Discovery Plan for Plaintiffs and Defendants

A.    Certificate of Interested Persons and Corporate Disclosure Statement —

This Court has previously ordered each party, governmental party, intervenor, non- party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.  A motion, memorandum, response, or other paper  — including emergency motion  — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested

ATI-2531113

Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

[__**X**__] Yes

[____]  No                    Amended Certificate will be filed by _____

                              (party) on or before _____ (date).

B.      Discovery Not Filed ⎯

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The Court encourages the exchange of discovery requests on diskette.  See Local Rule 3.03 (f).

C.      Limits on Discovery ⎯

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b).   Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub- parts.  Fed.R.Civ.P. 33(a); Local Rule 3.03(a).  Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours.  Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery.  The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.  Fed.R.Civ.P. 29.  In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

- **Interrogatories:   The parties agree that they may serve a maximum of twenty-five interrogatories.**

- **Requests for Production: The parties agree that they may serve a maximum of twenty-five Requests for Production.**

- **Requests for Admission: Defendants proposed a limitation of twenty-five Requests for Admission.  Plaintiff opposed such a limitation.  While the parties disagree on this issue, they agree that they will confer and otherwise appropriately address any issues regarding Requests for Admission or any other discovery device, including any abusive or unreasonable practices, at the appropriate time, should the need arise.**

- **Supplementation of Discovery: The parties agree to supplement according to the Federal Rules of Civil Procedure.**

D.    Discovery Deadline —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.  The Court may deny as untimely all motions to compel filed after the discovery deadline.

E.    Disclosure of Expert Testimony —

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

- 9 -

F.     Confidentiality Agreements —

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support.  The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential."  There is no need for the Court to endorse the confidentiality agreement.  The Court discourages unnecessary stipulated motions for a protective order.   The Court will enforce appropriate stipulated and signed confidentiality agreements.   *See* Local Rule 4.15.   Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need."  With respect to confidentiality agreements, the parties agree as follows:

**The Parties anticipate entering into a confidentiality agreement, which will be presented to the Court only in the event a need for Court enforcement arises.**

V.     Settlement and Alternative Dispute Resolution.

A.     Settlement —

The parties agree that settlement is

ATI-2531113

[   **X**   ]   likely   _____   unlikely

The parties **do not** request a settlement conference before a United

States Magistrate Judge.

[____]   yes          [   **X**   ] no      likely to request in future


B.      Arbitration —

The Local Rules no longer designate cases for automatic arbitration, but

the parties may elect arbitration in any case.  Do the parties agree to arbitrate?

[____]   yes          [   **X**   ] no      likely to agree in future

<u>n/a</u>   Binding                <u>n/a</u>   Non-Binding

C.      Mediation —

Absent arbitration or a Court order to the contrary, the parties in every case will

participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local

Rules.   The parties have agreed on a mediator from the Court's approved list of

mediators as set forth in the table above, and have agreed to the date stated in the

table above as the last date for mediation.  The list of mediators is available from the

Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

D.      Other Alternative Dispute Resolution —

**The parties have considered and discussed the possibility of settlement**

**and the potential benefits of mediation.   The parties agree to remain open to**

**settlement in light of the facts and claims in this case and will request the Court's**

**assistance if the need arises.**

ATI-2531113

Date:  October 1, 2012.


/s/ J. Marshall Gilmore
J. Marshall Gilmore
(Florida Bar No. 840181)
J. MARSHALL GILMORE LAW
1936 Lee Road, Suite 100
Winter Park, FL 32789
Ph:  (407) 629-7322
Fax:  (407) 599-3801
Email:  mgilmore@mgilmorelaw.com
**Counsel for Plaintiff**

/s/ Thomas W. Tierney
Thomas W. Tierney
(Florida Bar No. 0390150)
ROSSWAY MOORE TAYLOR & SWAN
2101 Indian River Blvd. Suite 200
Vero Beach, FL 32960
Ph: (772) 231-4440
Fax: (772) 231-4430
Email:  ttierney@verobeachlawyers.com
**Counsel for Defendant Experian**
**Information Solutions, Inc.**

/s/Rachael M. Crews
Rachael M. Crews
(Florida Bar No. 0795321)
GRAYROBINSON, P.A.
P.O. Box 3068
Orlando, FL 32802-3068
Ph: (407) 843-8880
Fax: (407) 244-5690
Email:  rcrews@gray-robinson.com
**Counsel for Defendant LexisNexis Risk**
**Data Retrieval Services, LLC**

## CERTIFICATE OF SERVICE

I certify that on this 1st day of October, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  I further certify that I mailed a copy of the foregoing document by first-class mail to all non-CM/ECF participants.

s/ Thomas W. Tierney
Thomas W. Tierney
(Florida Bar No. 0390150)
ROSSWAY MOORE TAYLOR & SWAN
2101 Indian River Blvd. Suite 200
Vero Beach, FL 32960
Ph:  (772) 231-4440
Fax: (772) 231-4430
Email:  ttierney@verobeachlawyers.com
**Counsel for Defendant Experian**
**Information Solutions, Inc.**

ATI-2531113