UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,

        Plaintiff,

                                   Case No. 6:12-cv-811-ORL-22DAB

-v-

EXPERIAN INFORMATION SOLUTIONS,
INC.; LEXISNEXIS RISK DATA RETRIEVAL
SERVICES LLC,

        Defendants.
_____/

**PLAINTIFF'S RESPONSE TO LEXISNEXIS MOTION TO COMPEL**

Plaintiff responds to the Motion to Compel (Doc 32) filed by LexisNexis Risk Data Retrieval Services, LLC, ("LexisNexis" hereinafter) as follows"

1. Defendant's Motion to Compel contains allegations at page 3 and 4 that complain about an entity it calls "MCEP" and recites dates and activities that it must have gotten mixed up from a pleading in another case or was left over in the form. Plaintiff does not recognize any MCEP entity related to this case.

2. Plaintiff has provided over 1,150 pages in digital format Bates stamped for Defendant's convenience and use and also provided a second series of 32 pages of additional documents after conference with both Defendant's counsel. Rather than being hostile or not responding to the discovery, Plaintiff submits that he has provided all documents in his possession and is looking for additional documents described and identified in the deposition of Plaintiff held on August 14 even though the discovery period has expired.

1

3. Plaintiff has even agreed to leave his deposition availability open for continued telephone deposition for any documents he discovers based on the more detailed explanations of documents the Defendants are looking for. Plaintiff, in contrast to the picture the Defendant tries to paint, has been attempting on a continuing basis to provide the Defendants with the discovery they request.

4. Plaintiff sent out the following email when it sent the 1,150 first set of production:

"July 09, 2013

Rachel Crews
Natalie Williams
Tom Tierney

This was sent to you in June. It is a big file but I did not get word back that you were unable to download it and it did not bounce back to my system.

Please acknowledge getting it successfully and being able to open it. It is the ICON disc we got made in response to the Request for Production.

Thank you

Marshall Gilmore

J. Marshall Gilmore, PA
1936 Lee Road, Suite 100
Winter Park, FL 32789
(407) 937-8675
(407) 599-3801 fax
mgilmore@mgilmorelaw.com "

5. Plaintiff assumed all files were received and went through. Plaintiff sent additional emails to be sure these files were received by both LexisNexis and Experian.

II. INTERROGATORY RESPONSES.

6. On July 31 Plaintiff answered the Interrogatories propounded by LexisNexis.

Plaintiff's counsel sent Defendant's counsel at 3:29 PM email that he was serving the answers later that day:

"Peter,
I am on schedule to file his responses to discovery today via email and hardcopy. Also, Mr. Rumbough has two court settings on Monday the 12th of Aug so we need to pick another day for the mediation. He is available the 13, 14 and 16 at this time. Natalie just scheduled the 14th at 9:00 all day for his deposition. I assume you will take his deposition at same time for Lexis. Will call you."

7. The answers were indeed sent that day but counsel for Defendant did not wait and filed the instant motion to compel.

III. PLAINTIFF'S RESPONSE TO COMPLAINTS ABOUT RESPONSES TO REQUEST FOR PRODUCTION.

8. Plaintiff has sent over 1,150 pages of documents to the Defendants and has provided all documents he has been able to find that respond to and are described in the request for production. This includes all documents in his possession in response to Requests numbers 1, 2,7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 19 that Defendant LexisNexis complains about.

9. Regarding Request No. 6, Defendant has asked for all documents constituting or relating to any debt owed by Plaintiff and claimed to be delinquent, which Plaintiff asserted was overly broad in its scope. However, at deposition Plaintiff, after further clarification from Defendants is trying to find if he has anything that meets this request definition and has agreed to provide it if he finds it.

10. Regarding Request No. 13, Plaintiff has stated that he has no documents from the IRS that mention the Tax Lien referenced in the Request for Production but Plaintiff

3

has nevertheless agreed at his deposition and after further clarification from the Defendants, to provide a letter he has regarding an alleged IRS tax deficiency.

11. Regarding Request No 15, Plaintiff will try to get a copy of any document that meets this description from his real estate broker and has agreed to produce if he can get it.

12. Plaintiff has exhibited more than good faith in his efforts to satisfy the Defendant in its discovery requests. However despite repeated requests (including a written notice of deposition which was voluntarily withdraw at the request of Defendant), LexisNexis has abjectly refused to provide a corporate representative for deposition. Despite Plaintiff's continuing agreement to provide the fullest extent of discovery even after close of discovery, the attorney for LexisNexis refused to provide a deponent or agree to a deposition.

WHEREFORE, Plaintiff request that Defendants motion be denied for the reason that Plaintiff has complied with and is continuing to comply with all of the Defendants requests.

                            Respectfully submitted,

                            __s/ *J. Marshall Gilmore*_____
                            **J. Marshall Gilmore, Esq**.
                            Attorney for Larry Rumbough, Plaintiff
                            Fla Bar No. 840181
                            1936 Lee Road, Suite 100
                            Winter Park, FL 32789
                            (407) 937-8675 and (321) 591-9922
                            (407) 599-3801 fax
                            mgilmore@mgilmorelaw.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true and correct copy of the foregoing has been delivered this 16th day of AUGUST, 2013 by CM/ECF system.:

                                    *__s/ J. Marshall Gilmore_____*
                                    J. Marshall Gilmore, Esq.