UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LARRY RUMBOUGH,                                CASE NO. 6:12-cv-811-ORL-22 DAB

        Plaintiff,                                (Judge Anne C. Conway)

v.

EXPERIAN INFORMATION SOLUTIONS,
INC., and LEXISNEXIS RISK DATA
RETRIEVAL SERVICES, LLC,

        Defendants.
_____/

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS WITH PLAINTIFF'S OBJECTIONS ATTACHED AS EXHIBIT 1

Defendants Experian Information Solutions, Inc. and LexisNexis Risk Data

Retrieval Services, LLC (collectively, "Defendants") ask the Court to submit the attached

Jury Instructions.[1]

Summary Judgment is still pending.  Depending on what issues of fact remain, if

any, the parties respectfully request the right to modify, delete or supplement the

proposed Jury Instructions.

---

[1] Defendants respectfully submit that Plaintiff did not begin to send his required contributions to the final pretrial statement or any of the related materials, including these Jury Instructions, until after 1 a.m. on the day this filing was due (December 20, 2013).  Plaintiff has not sent Defendants any proposed language for jury instructions of his own and has not sent any detailed substantive comments on Defendants' proposed instructions.  All he has provided is a vague preliminary set of comments, which Defendants received at 10:50 a.m. on the date this filing was due, followed by a one-page list of objections, received at 3:01 p.m. on the day this filing was due.  These circumstances have precluded a joint filing approved by all of the parties by the Court's due date.  Defendants are, however, attaching Plaintiffs' objections as Exhibit 1 to this filing.

# 1.  PRELIMINARY INSTRUCTIONS

## 1.1

### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms.  It can be testimony about what someone saw, heard, or smelled.  It can be an exhibit or a photograph.  It can be someone's opinion.

Some evidence may provide a fact indirectly.  Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas.  This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"—simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect.  You may choose to believe or disbelieve either kind.  Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.  I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all of the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Larry Rumbough, is making claims under the Fair Credit Reporting Act.  He claims that the Defendants, Experian and LexisNexis, failed to follow reasonable procedures to assure maximum possible accuracy with regard to the reporting of a federal tax lien.  Similarly, Mr. Rumbough alleges that after he notified both Experian and LexisNexis of the alleged inaccuracy, neither properly reinvestigated his dispute.  Ultimately, he alleges that due to Experian's and LexisNexis' actions, he was unable to secure financing on a property he was attempting to purchase.  Mr. Rumbough also claims that Experian failed to provide him with the information in his credit file; failed to train its personnel to explain to him the contents of his consumer disclosures, and furnished his credit report to third parties for an impermissible purpose.  Experian and LexisNexis deny that they violated the law and deny that Mr. Rumbough suffered any damages.  They contend that they followed reasonable procedures, satisfying the legal requirements.  Experian also contends that Mr. Rumbough made the same allegations that he is making here in a previous lawsuit and lost that earlier lawsuit, and is therefore forbidden from attempting the same claims a second time.  Finally, Experian contends that Mr. Rumbough filed his lawsuit too late and is therefore forbidden under the statute of limitations from pursuing these claims.

Burden of proof:

Mr. Rumbough has the burden of proving his case by what the law calls a "preponderance of the evidence." That means he must prove that, in light of all the

evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Mr. Rumbough and the evidence favoring Experian or LexisNexis on opposite sides of balancing scales, Mr. Rumbough needs to make the scales tip to his side.  If Mr. Rumbough fails to meet this burden, you must find in favor of the defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them.  After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing arguments, and my instructions on the law—before you begin deliberating.  You should keep an open mind until the end of the trial.  Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the

case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, MySpace, Instagram, and Twitter.

You also shouldn't Google or search online or off-line for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to.  Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Mr. Rumbough will present his witnesses and ask them questions. After Mr. Rumbough questions the witness, Experian and LexisNexis may ask the witness questions—this is called "cross-examining" the witness.  Then Experian and LexisNexis will each have a turn to present their witnesses, who will likewise be subject to cross-examination.  You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.  You'll then go to the jury room to deliberate.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), General Preliminary Instruction 1.1 (2013 ed.).

## 1.4

### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Jury Questions 1.4 (2013 ed.).

**1.5**

**Interim Statements**

At times during the trial, the lawyers will address you.  You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments.  Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be.  They are not evidence themselves.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Interim Statements 1.5 (2013 ed.).

## 2.   TRIAL INSTRUCTIONS

### 2.1

### Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation.  You must treat these facts as proved for this case.


Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Stipulations 2.1 (2013 ed.).

**2.5**

**Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute.

The law calls this "judicial notice." I've accepted [state the fact that the court has

judicially noticed] as proved even though no one introduced evidence to prove it. You

must accept it as true for this case.


Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Judicial Notice 2.5
(2013 ed.).

**2.6**

**Use of Interrogatories**

You've heard answers that Mr. Rumbough gave in response to written questions the other side submitted. The questions are called "interrogatories." Before the trial, Mr. Rumbough gave the answers in writing while under oath.  You must consider Mr. Rumbough's answers to the questions as though Mr. Rumbough gave the answers on the witness stand.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Use of Interrogatories 2.6 (2013 ed.).

**2.7**

**In-Trial Instructions on News Coverage**

Reports about this trial may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.  You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), In-Trial Instructions on News Coverage 2.7 (2013 ed.).

### 3.  Basic Instructions – Court's Instructions to the Jury

### 3.1

### Introduction

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

CASE NO. 6:12-cv-811-ORL-22DAB

Larry Rumbough,

        Plaintiff,

v.

Experian Information Solutions, Inc. and
LexisNexis Risk Data Retrieval Services,
LLC.,
        Defendant.

‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

      It's my duty to instruct you on the rules of law that you must use in deciding this

case.

      When I have finished, you will go to the jury room and begin your discussions,

sometimes called deliberations.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions,
Introduction 3.1 (2013 ed.).

### 3.2.2

### The Duty to Follow Instructions—Corporate Party Involved

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it—even if you do not agree with the law—and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, The Duty to Follow Instructions—Corporate Party Involved 3.2.2 (2013 ed.).

**3.3**

**Consideration of Direct and Circumstantial Evidence;
Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court 3.3 (2013 ed.).

**3.4**

**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

In deciding whether you believe any witness, I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Credibilit of Witnesses 3.4 (2013 ed.).

### 3.5.1
### Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact - or about an unimportant detail.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Impeachment of Witnesses Because of Inconsistent Statements 3.5.1 (2013 ed.).

### 3.7.1

### Responsibility for Proof—Plaintiff's Claim, Cross Claims, Counterclaims—Preponderance of the Evidence

In this case it is the responsibility of Mr. Rumbough to prove every essential part of his claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Mr. Rumbough's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Mr. Rumbough.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Mr. Rumbough's claims by a preponderance of the evidence, you should find for the defendants as to that claim.


Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Responsibility for Proof—Plaintiff's Claim[s], Cross Claims, Counterclaims— Preponderance of the Evidence 3.7.1 (2013 ed.).

**3.8.1**

**Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous—in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Duty to Deliberate When Only the Plaintiff Claims Damages 3.8.1 (2013 ed.).

**3.9**

**Election of Foreperson Explanation of Verdict Forms**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

A verdict is a jury's finding or decisions on the factual issues of a case.

Take the verdict form with you to the jury room.  When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

After you have reached unanimous agreement on the verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

I will stress that each of you should be in agreement with the verdict which is

announced in court.  Once your verdict is announced by your foreperson in open court

and officially recorded, it cannot ordinarily be revoked.

Authority:  Eleventh Circuit Pattern Jury Instructions (Civil Cases), Basic Instructions, Election of Foreperson Explanation of Verdict Form(s) 3.9 (2013 ed.); 4-78 Modern Federal Jury Instructions-Civil P 78.06 (Matthew Bender 2013).

## Parties' Proposed Instructions on the Law

### Instruction No. 1 – Difference Between Consumer Disclosure and Consumer Credit Report

Under the Fair Credit Reporting Act, a "consumer credit report" is any communication by a consumer credit reporting agency to a third party bearing on a consumer's credit worthiness which is used or expected to be used in establishing a consumer's eligibility for credit or other commercial purpose under the Fair Credit Reporting Act.

"Consumer reports" are to be distinguished from "consumer disclosures."  Under the Fair Credit Reporting Act, all consumers have a right to request a copy of the information appearing about them in a credit reporting agency's database.  The report generated by the credit  reporting agency in response to such a request by a consumer is called a "consumer disclosure."  The Fair Credit Reporting Act requires credit reporting agencies to disclose to the consumer information in the consumer's file.  The "consumer disclosure" must contain certain additional information, and must disclose all instances where a credit reporting agency furnished the consumer's report to a third party (which are called "inquiries"), to make the consumer aware of the information contained in the consumer reporting agency's files.

You may not find a defendant liable for any inaccurate information appearing in a "consumer disclosure."  A defendant may only be found liable for inaccurate information appearing in a "consumer credit report."

Authority:  Fair Credit Reporting Act, 15 U.S.C. § 1681a, 1681g (a)(3)(A), 1681a(d); *Porter v. Talbot Perkins Children's Services*, 355 F. Supp. 174, 178 (S.D.N.Y. 1973);

*Yeager v. TRW, Inc.*, 984 F. Supp. 517, 522-23 (E.D. Tex. 1997); *Heath v. Credit Bureau of Sheriden, Inc.*, 618 F.2d 693, 697 (10th Cir. 1980).

**Instruction No. 2 – A Consumer Reporting Agency Is Not Strictly Liable For Inaccuracies**

The Fair Credit Reporting Act does not make a defendant strictly liable for inaccuracies contained in its consumer reports.  Strict liability means liability without fault.  There must be a showing that the inaccuracy resulted from a defendant's failure to follow reasonable procedures to assure maximum possible accuracy.

The Fair Credit Reporting Act does not require perfect consumer credit reports.  The law recognizes that total accuracy in consumer credit reports is not a realistic objective.  The mere fact that a defendant may have furnished an inaccurate consumer credit report regarding Plaintiff is not, in and of itself, sufficient for you to find that a defendant negligently or willfully violated the Fair Credit Reporting Act.  A defendant may not be held liable under the Fair Credit Reporting Act unless it is established that an inaccurate consumer credit report was prepared because the defendant negligently or willfully failed to follow reasonable procedures in preparing that report.

In other words, a defendant is not required to produce consumer credit reports free of mistakes.  A defendant is only required to follow reasonable procedures to assure the maximum possible accuracy of the information contained in the consumer credit reports regarding Plaintiff that a defendant provided to others.

Authority*: Guimond v. Trans Union*, 45 F.3d 1329 (9th Cir. 1995); *Thomas v. Trans Union*, 197 F. Supp.2d 1233, 1237 (D.Or. 2002); *Cahlin v. General Motors Accept. Corp., 936 F.2d 1151, 1156* (11th Cir. 1991); *Hauser v. Equifax, Inc.*, 602 F.2d 811, 814-15 (8th Cir. 1979); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir. 1982); *Equifax Inc. v. Federal Trade Comm'n*, 678 F.2d 1047, 1049 (11th Cir. 1982); *Whelan v. Equifax Credit Reporting Agency*, 862 F. Supp. 824, 829 (E.D.N.Y. 1994); *Watson v. Credit Bureau, Inc. ofGeorgia*, 600 F. Supp. 48, 50 (S.D. Miss. 1986); *Bermudez v. Equifax Info. Solutions*, at *4; *Daniels v. Experian Info. Solutions, Inc.*, No. CV 109-017, 2009 WL 1811548, at *1 (S.D. Ga. June 24, 2009); *Jackson v. Equifax Info.*

*Servs*., LLC., 167 F. App'x 144, 146 (11th Cir. 2006); *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006); *Parks v. Experian Credit Bureau*, 609-CV1284-ORL-19DAB, 2010 WL 457345, at *3 (M.D. Fla. Feb. 4, 2010).

### Instruction No. 3 – Reasonable Procedures

Plaintiff claims that the defendants failed to comply with the requirements of Sections 1681e(b) and 1681i of the Fair Credit Reporting Act, including inaccurately reporting his Federal Tax Lien, failing to reinvestigate his disputes, and failing to provide a clear codification or summary of his disputes.

I charge you that there is no strict liability under the Fair Credit Reporting Act for any of these alleged violations and that the defendants are not liable if you find that they maintained reasonable procedures to comply with these sections of the Fair Credit Reporting Act.  It is logical that a consumer reporting agency should not be liable under the Fair Credit Reporting Act for an employee's isolated mistakes in the face of the agency having and enforcing reasonable procedures to fulfill its obligations.  The reasonable procedures defense is designed to protect users of credit information, including consumer reporting agencies, who consistently abide by the law but who, in dealing with hundreds or thousands of instances, ultimately, by commission or omission, inadvertently violate the law in isolated instances.

Authority: *Thomas v. Trans Union*, 197 F.Supp.2d 1233 (D.Or., 2002); *Enwonwu v. Trans Union, LLC*, 164 F. App'x 914, 918 (11th Cir. 2006); *Parks v. Experian Credit Bureau*, 609-CV1284-ORL-19DAB, 2010 WL 457345, at *3 (M.D. Fla. Feb. 4, 2010).

**Instruction No. 4 – Reporting of Information From A Reputable Source**

If a consumer reporting agency transcribes, stores, and communicates consumer

information received from a source that it reasonably believes to be reputable, and which

is credible on its face, then that consumer reporting agency does not violate § 1681e(b)

simply by reporting an item of information that turns out to be inaccurate.


Authority: *Smith v. Auto Mashers*, Inc., 85 F. Supp 2d 638, 640 (W.D. Va. 2000); Federal
Trade Commission Commentary on the Fair Credit Reporting Act, 16 C.F.R. Part 600,
Appendix, Section 607(3)(A).

**Instruction No. 5 – Reasonableness Defined**

"Reasonable," as used in these instructions is such care as the jury would expect an ordinarily prudent company to exercise under similar circumstances.  Evaluating the reasonableness of a credit reporting agency's procedures involves balancing the potential harm to the consumer from the inaccuracy against the burden on the credit reporting agency of safeguarding against such inaccuracy.

Authority:  *Allmond v. Bank of Am.*, 3:07-CV-186-J-33JRK, 2008 WL 205320, at *5 (M.D. Fla. Jan. 23, 2008).

**Instruction No. 6 – Negligence Defined**

Negligence is the failure to use reasonable care, and therefore, can mean the

failure to do something which a reasonably prudent reporting agency would do, or the

doing of something which a reasonably prudent consumer reporting agency would not do

under the circumstances of this case.


Authority:  Fair Credit Reporting Act, 15 U.S.C. § 1681(b); *Swoager v. Credit Bureau of Greater St. Petersburg, Fla.*, 608 F. Supp. 972, 975 (M.D. Fla. 1985); *Lee v. Sec. Check, LLC*, 3:09-CV-421-J-12TEM, 2010 WL 3075673, at *11 (M.D. Fla. Aug. 5, 2010); *Thompson v. San Antonio Retail Merchants Ass'n*, 682 F.2d 509, 513 (5th Cir.1982).

**Instruction No. 7 – Proximate Cause Defined**

If you find that a defendant was negligent, you must then determine whether the negligence was the proximate cause of Plaintiff's injuries.   The term "proximate cause" in these instructions means that there must be a connection between the conduct of a defendant, which Plaintiff claims violated the Fair Credit Reporting Act, and the injury complained of by Plaintiff.  Also, the act that is claimed to have produced the injury must be the natural and probable result of the defendant's conduct.

Authority:  *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1161 (11th Cir. 1991).

**Instruction No. 8 – Plaintiff's Reasonable Procedures Claim Against LexisNexis –
Essential Elements**

Under the Fair Credit Reporting Act, when a consumer credit reporting agency
prepares a consumer credit report, it must follow reasonable procedures to assure
maximum possible accuracy of the credit information contained in the report.

Plaintiff claims that LexisNexis negligently failed to comply with the Fair Credit
Reporting Act by not following reasonable procedures to assure the maximum possible
accuracy of the information in the consumer reports prepared concerning Plaintiff.

Plaintiff has the burden of proof on his claim and so must persuade you by a
preponderance of the evidence on each of the following propositions:

- That LexisNexis provided a consumer credit report, meaning it assembled
  or evaluated information to create a report about Mr. Rumbough;

- That LexisNexis provided a consumer credit report containing inaccurate
  information about Plaintiff to a third party which was used or intended to
  be used by that third party to determine eligibility for credit;

- That LexisNexis failed to follow reasonable procedures to assure
  maximum possible accuracy of the information contained in Plaintiff's
  consumer credit report;

- That Plaintiff was injured by the inaccurate information being provided to
  a third party; and

- That inaccurate reporting by LexisNexis was the proximate cause of the
  injury to the Plaintiff.

Only if you find that all of these things have been proved against LexisNexis should your verdict be for Plaintiff and against LexisNexis. However, if you find that any one of these things has not been proved against LexisNexis, your verdict should be for LexisNexis.

Authority:  3A Kevin F. O'Malley, et al., <u>Federal Jury Practice and Instructions</u>, § 153.20 (6th ed. 2012); 15 U.S.C. § 1681i(a); 15 U.S.C. § 1681a(d); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Wright v. TRW Credit Data*, 588 F. Supp. 112, 114 (S.D. Fla. 1984); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996).

**Instruction No. 9 – Plaintiff's Reasonable Procedures Claim Against Experian–
Essential Elements**

Under the Fair Credit Reporting Act, when a consumer credit reporting agency prepares a consumer credit report, it must follow reasonable procedures to assure maximum possible accuracy of the credit information contained in the report.

Plaintiff claims that Experian negligently failed to comply with the Fair Credit Reporting Act by not following reasonable procedures to assure the maximum possible accuracy of the information in the consumer credit report prepared concerning Plaintiff.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

- That Experian provided a consumer credit report, meaning it assembled or evaluated information to create a report about Mr. Rumbough;

- That Experian furnished a consumer credit report containing inaccurate information about Plaintiff to a third party, which was used or intended to be used by that third party to determine eligibility for credit;

- That Experian negligently violated the Fair Credit Reporting Act by failing to follow reasonable procedures to assure maximum possible accuracy of the information contained in Plaintiff's consumer credit report;

- That Plaintiff was injured by the inaccurate information being provided to a third party; and

- That the negligence of Experian was the proximate cause of injury to the Plaintiff.

Only if you find that all of these things have been proved against Experian should your verdict be for Plaintiff and against Experian.  However, if you find that any one of these things has not been proved against Experian, your verdict should be for Experian.

Authority:  3A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 153.20 (6th ed. 2012); 15 U.S.C. § 1681i(a); 15 U.S.C. § 1681a(d); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996).

**Instruction No. 10 – Plaintiff's Negligent Reinvestigation Claim Against LexisNexis as a Consumer Reporting Agency – Essential Elements**

The Fair Credit Reporting Act requires that a consumer reporting agency make reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention directly by a consumer, within thirty days from receiving a dispute from the consumer. If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.

A consumer reporting agency is not required to repeat a reinvestigation that has been previously conducted simply because the consumer reiterates a dispute about the same item of information, unless the consumer provides additional evidence that the item is inaccurate or incomplete, or alleges changed circumstances.

Plaintiff claims that LexisNexis negligently failed to comply with the Fair Credit Reporting Act by not making reasonable efforts to reinvestigate his dispute regarding the location of the filing of a federal tax lien.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of evidence on each of the following propositions:

- That LexisNexis provided a consumer credit report, meaning it assembled or evaluated information to create a report about Mr. Rumbough;

- that LexisNexis provided that consumer credit report to a third party;

- that Plaintiff identified specific information actually appearing in that consumer credit report, the location of the filing of a federal tax lien, which he directly disputed with LexisNexis;

38

- that, after Plaintiff raised the dispute with LexisNexis, LexisNexis negligently failed to make reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention by Plaintiff;

- that Plaintiff was injured by the failure to reinvestigate; and,

- that LexisNexis' negligence was the proximate cause of Plaintiff's injuries.

Only if you find that all of these five elements have been proved against LexisNexis should your verdict be for Plaintiff. However, if you find that any of these things has not been proved against LexisNexis, your verdict should be for LexisNexis.

The standard for measuring defendants' actions is, again, what a reasonably prudent person would do under the circumstances. To evaluate the reasonableness of a defendant's reinvestigation you should balance the cost of verifying the source of the information against the possible harm the inaccurately reported information may cause the consumer.

The Act, however, does not make defendants strictly, or automatically, liable. You must find in favor of a defendant if Plaintiff does not prove that a defendant failed to conduct a reasonable reinvestigation.  You must also find for a defendant if its reinvestigation procedures were proper and reasonable under the circumstances but that defendant could not immediately determine that the disputed information was inaccurate.

In addition, if you determine that the information the consumer disputed was, in fact, accurate, Plaintiff cannot pursue a cause of action for violation of the duty to reinvestigate. If Plaintiff has failed to show that the information they disputed was

actually inaccurate, you need not inquire further as to whether LexisNexis acted

reasonably after it received the dispute.

Again, bear in mind that damages will not be presumed to have occurred. Plaintiff

must prove that they have occurred. Plaintiff must prove by a preponderance of the

evidence that any damages incurred were caused by acts or omissions of a defendant that

were not in compliance with the Act as opposed to the conduct of others, including the

plaintiff himself.

Authority: 15 U.S.C. § 1681i(a)(5); 3A Kevin F. O'Malley, et al., Federal Jury Practice
and Instructions, § 153.20 (6th ed. 2012); *Cahlin v. General Motors Acceptance Corp.*,
936 F.2d 1151, 1160 (11th Cir. 1991); *Podell v. Citicorp*, 112 F.3d 98, 105 (2d Cir.
1997); *Wilson v. Rental Research*, 165 F.3d 642, 648 (8th Cir. 1999); *Henson v. CSC
Credit Servs*, 29 F.3d 280, 286, (7th Cir. 1994 ); *Enwonwu v. Trans Union*, 364 F. Supp.
2d 1361, 1366-67 (N.D.Ga. 2005 ((Evans, J); *Wiggins v. Equifax*, 848 F.Supp. 213, 220
(U.S. D.C. D.C. 1993) Federal Trade Commission Commentary on the FCRA, 16 C.F.R.
Part 600, App. 611(2); F.T.C. Commentary on the Fair Credit Reporting Act, 55 Fed.
Reg. 18824.

**Instruction No. 11 – Plaintiff's Negligent Reinvestigation Claim Against LexisNexis as a Furnisher of Public Records – Essential Elements**

The Fair Credit Reporting Act imposes duties upon persons who furnish information to credit reporting agencies.  It places a duty on furnishers to correct and update information known, or which reasonably should be known, to be inaccurate. Further, the Fair Credit Reporting Act requires furnishers to flag or otherwise provide notice to credit reporting agencies of any dispute by a consumer related to his or her credit information or history.  The statute sets out the duties of furnishers of information upon notice of a dispute.

Plaintiff has the burden of proof on this claim and so must persuade you by a preponderance of evidence, that LexisNexis:

- Furnished information regarding Plaintiff; and

- was provided notice of a dispute by Experian regarding that information;

- that once informed of the dispute by Experian, LexisNexis negligently failed to make reasonable efforts to investigate or correct inaccurate information;

- that Plaintiff was injured by the failure to reinvestigate; and

- that LexisNexis' negligence was the proximate cause of Plaintiff's injuries.

Authority:  15 U.S.C. §§ 1681i, 1681s-2(a), 1681s-2(b); *Bowman v. CitiMortgage, Inc.,* No. 11-0047-KD-N, 2011 U.S. Dist. LEXIS 60156, *5-6 (S.D. Ala. May 6, 2011) *citing*

*Bosarge v. T-Mobile USA, Inc.,* No. 07-0012-CG-C, 2008 U.S. Dist. LEXIS 20952, (S.D.Ala. March 17, 2008) (internal citations omitted).

**Instruction No. 12 – Frivolous Disputes Defined**

A consumer's dispute letter is frivolous and not bona fide when it disputes all of the information in a consumer's file and fails to provide any allegations concerning the specific items in the file.

Authority: F.T.C. Commentary, 16 C.F.R. Pt. 600, Sec. 611 Paragraph 11.

**Instruction No. 13 – Plaintiff's Negligent Reinvestigation Claim Against Experian – Essential Elements**

The Fair Credit Reporting Act requires that a consumer reporting agency make reasonable efforts to investigate and correct inaccurate or incomplete information brought to its attention directly by a consumer, within thirty days from receiving a dispute from the consumer. If after such reinvestigation such information is found to be inaccurate or can no longer be verified, the consumer reporting agency shall promptly delete such information.

A consumer reporting agency is not required to repeat a reinvestigation that has been previously conducted simply because the consumer reiterates a dispute about the same item of information, unless the consumer provides additional evidence that the item is inaccurate or incomplete, or alleges changed circumstances.

Plaintiff claims that Experian negligently failed to comply with the Fair Credit Reporting Act by not making reasonable efforts to reinvestigate his disputes regarding the negatively reporting accounts on his credit report.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

- That Experian provided a consumer credit report, meaning it assembled or evaluated information to create a report about Mr. Rumbough;

- that Experian provided that consumer credit report to a third party;

- that the consumer credit report contained inaccurate information;

- that Plaintiff identified specific information actually appearing in that consumer credit report, which he directly disputed with Experian;

- that Plaintiff's disputes were neither frivolous nor irrelevant;

- that, after Plaintiff raised the dispute with Experian, Experian negligently failed to make reasonable efforts to investigate and correct inaccurate information brought to its attention by Plaintiff;

- that Plaintiff was injured by the failure to reinvestigate; and,

- that Experian's negligence was the proximate cause of Plaintiff's injuries.

Only if you find that all of these elements have been proved against Experian should your verdict be for Plaintiff.  However, if you find that any one of these things has not been proved against Experian, your verdict should be for Experian.

The standard for measuring a defendant's actions is, again, what a reasonably prudent person would do under the circumstances.  To evaluate the reasonableness of a defendant's reinvestigation, you should balance the cost of verifying the source of the information against the possible harm the inaccurately reported information may cause the consumer.

The Fair Credit Reporting Act, however, does not make defendants strictly, or automatically, liable. You must find in favor of Experian if Plaintiff does not prove that Experian failed to conduct a reasonable reinvestigation.  You must also find for Experian if its reinvestigation procedures were proper and reasonable under the circumstances but that Experian could not immediately determine that the disputed information was inaccurate.

In addition, if you determine that the information the consumer disputed was, in fact, accurate, Plaintiff cannot pursue a cause of action for violation of the duty to

reinvestigate.  If Plaintiff has failed to show that the information they disputed was actually inaccurate, you need not inquire further as to whether Experian acted reasonably after it received the dispute.

Bear in mind that damages will not be presumed to have occurred.  Plaintiff must prove that they have occurred.  Plaintiff must prove by a preponderance of the evidence that any damages incurred were caused by acts or omissions of Experian that were not in compliance with the Fair Credit Reporting Act as opposed to the conduct of others, including the Plaintiff himself.

Authority: 15 U.S.C. § 1681i(a)(5); 3A Kevin F. O'Malley, et al., Federal Jury Practice and Instructions, § 153.20 (6th ed. 2012); *Cahlin v. General Motors Acceptance Corp*., 936 F.2d 1151, 1160 (11th Cir. 1991); *Lazarre v. JPMorgan Chase Bank, NA., et al*., 780 F. Supp. 2d 1330, 1334 (S.D. Fla. 2011); *Taylor v. Screening Reports, Inc*., 1:11-CV-3426-AT-GGB, 2013 WL 5229966 at *5 (N.D. Ga. Sept. 11, 2013); *Enwonwu v. Trans Union*, 364 F. Supp. 2d 1361, 1366-67 (N.D.Ga. 2005 (Evans, J)); F.T.C. Commentary on the FCRA, 16 C.F.R. Part 600, App. 611(2); F.T.C. Commentary on the Fair Credit Reporting Act, 55 Fed. Reg. 18824.

**Instruction No. 14 – Consider Damages Only If Necessary**

If you find that the Plaintiff has proven that a defendant is liable on Plaintiff's claims, then you must determine the damages to which the plaintiff is entitled.  However, you should not infer that the Plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages.  My instructions on damages do not reflect in any way whether I believe the Plaintiff should or should not win this case.  It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance in the event you decide that the Plaintiff is entitled to recovery.


Authority: 4-77 Modern Federal Jury Instructions-Civil P 77.01 (Matthew Bender 2013) (as modified).

## Instruction No. 15 – Damages

The amount of money, if any, to be awarded for certain of these elements of damages, such as emotional distress, cannot be proved in a precise dollar amount. The law leaves such amounts to your sound judgment, although any award must be based on the evidence and not speculation.

Damages for humiliation and emotional distress will not be presumed to have occurred.

Plaintiff must prove that they have occurred.  And emotional distress damages cannot be recovered for things which plaintiff suspected or perceived, but which did not occur.  The disclosure of harmful information might create liability, not the risk of such disclosure.  The denial of credit may be compensable if a denial is associated with a financial harm. The risk that an application might be denied or the loss of a perceived credit opportunity is not compensable.

Plaintiff must prove by a preponderance of the evidence that any damages incurred were caused by acts or omissions by a defendant that were not in compliance with the Fair Credit Reporting Act. Even if you find that plaintiff was damaged, if you find that the damage was caused by acts or omissions by a defendant that did not violate the Fair Credit Reporting Act, you must find in favor of the defendant(s).  Further, if you find that plaintiff suffered damages as a result of the inaccuracies in his credit file, but that the appearance of the inaccuracy was not caused by a defendant's negligence, meaning acts or omissions of a defendant that were in violation of the Fair Credit Reporting Act, then you must in favor of the defendant(s).

Finally, if you find that plaintiff was denied a credit, but that the denial did not

result in any actual loss or harm, you must find in favor of the defendant(s).

Authority: 15 U.S.C. §1681o; L. Sand, 3 Modern Federal Jury Instructions §77.01. Instruction 77-3(1993); Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions §92.07 (1987); *Philbin v. Equifax Corp.*, 101 F.3d 957, 963 (3rd Cir. 1996); *Cousin v. Trans Union Corp.*, 246 F.3d 359 (5th Cir. 2001); *Washington v. CSC*, 199 F.3d 263 (5th Cir. 2000).

**Instruction No. 16 -- Compensatory Damages**

You may only award compensatory damages to Plaintiff if you find that LexisNexis and/or Experian: (1) failed to exercise reasonable care by not following reasonable procedures to assure the maximum possible accuracy of the information in the consumer credit reports prepared concerning Plaintiff; or (2) failed to exercise reasonable care by not reasonably reinvestigating the disputed items on Plaintiff's credit report. Plaintiff has alleged additional claims against Experian, but he does not allege any actual injury from those claims.  As such, your decisions as to those additional claims against Experian should not be considered in your determination as to whether Plaintiff is entitled to compensatory damages.   And, should you determine that Plaintiff is entitled to compensatory damages, your decisions as to those additional claims against Experian should likewise not be considered in your determination as to the amount of damages to award to Plaintiff.

You may award compensatory damages to Plaintiff only for injuries caused by a defendant's failure to exercise reasonable care.

Authority:  *Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1245 (S.D. Ala. 2002), quoting *Cousin v. Trans Union Corp.*, 246 F.3d 359, 371 (5th Cir. 2001), *cert. denied*, 534 U.S. 951 (2001); *McLean v. GMAC Mortg. Corp.,* 595 F. Supp. 2d 1360, 1370 (S.D. Fla 2009), aff'd 398 Fed. Appx. 467 (11th Cir. 2010).

**Instruction No. 17 – Causation – Substantial Factor**

You may not award Plaintiff damages unless you find that the Plaintiff has proven by a preponderance of the evidence that a defendant's conduct was a substantial factor in causing the damages the Plaintiff suffered.  A substantial factor is an important or material factor and not one that is insignificant.

You may find that a defendant was a substantial factor in causing Plaintiff's damages only if you determine by a preponderance of the evidence that: (1) Plaintiff would not have suffered the damages without the defendant's individual conduct; or (2) the defendant's individual conduct by itself was sufficient to cause the damages suffered by Plaintiff.

Authority: *Enwonwu v. TransUnion, LLC*, 364 F. Supp. 2d 1361, 1365-66 (N.D. Ga. 2005); *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968-969 (3d Cir. 1996); Restatement (Second) of Torts §§ 431(a), 432 and 433B(1).

**Instruction No. 18 – Substantial Factor – Considerations**

In determining whether a defendant's conduct was a substantial factor causing the plaintiff's injuries, you may consider the effect of other contributing factors.  If you determine that other contributing factors so predominate as to make the defendant's conduct relatively insignificant, then you must find that the defendant's conduct was not a substantial factor in causing the plaintiff's injuries.

So too, you may find that, although no single other contributing factor by itself had a predominate effect, the combined effects of all of the other contributing factors diluted the effects of a defendant's conduct, so as to prevent the defendant's conduct from being a substantial factor in causing the plaintiff's injuries.

Authority: *Philbin v. Trans Union Corp.*, 101 F.3d 957, 968-969 (3d Cir. 1996); Restatement (Second) of Torts § 433 and Comment (b) thereto.

**Instruction No. 19 – Causation – Emotional Damages**

Plaintiff seeks damages for emotional distress in this case. I charge you that plaintiff bears the burden of proving that any emotional damages were proximately caused by a defendant's actions and may not recover any damages for emotional distress where the only evidence of such damages are his own conclusory statements.  Instead, Plaintiff must explain the circumstances of such injuries in reasonable detail and may not rely on mere conclusory statements. The Plaintiff must sufficiently articulate true demonstrable emotional distress, including the factual context in which the emotional distress arose; evidence corroborating the testimony of the Plaintiff; the nexus between the conduct of the defendant and the emotional distress; the degree of such mental distress; medical attention resulting from the emotional distress; psychiatric or psychological treatment; and the loss of income, if any. I further charge you that mere testimony that plaintiff was "embarrassed and humiliated" or that it is mentally and emotionally distressful to deal with credit reporting agencies or that it is embarrassing to apply for credit and have the creditor see the inaccurate information does not, standing alone, rise to the level of inherently degrading sufficient to support a claim for emotional damages under the Fair Credit Reporting Act.

Authority: *Rambarran v. Bank of Am., N.A.*, 609 F. Supp. 2d 1253, 1268 (S.D. Fla. 2009), *citing Sloane v. Equifax Info. Servs., LLC*, 510 F.3d 495, 503 (4th Cir. 2007); *Cousin v. Trans Union*, 246 F.3d 359, 371 (5th Cir. 2001).

**Instruction No. 20 – Damages – Reasonable – Not Speculative**

Damages must be reasonable.  If you should find that plaintiff is entitled to a verdict, you may award him only such damages as will reasonably compensate him for such injury as you find, from a preponderance of the evidence in the case, that he has sustained as a result of a defendant's conduct.

You are not permitted to award speculative damages.  Likewise, you are not to include in any verdict compensation for future injury which, although possible, is not reasonably certain to occur.

Authority: Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instructions § 128:60 (6th ed. 2012) (as modified).

## Instruction No. 21 – Damages – Mitigation

You are instructed that any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages.  The law imposes on an injured person the duty to take advantage of reasonable opportunities he may have to prevent the aggravation of his injuries, so as to reduce or minimize the loss or damage.

If you find that a defendant is liable and that plaintiff has suffered damages, plaintiff may not recover for any item of damage he could have avoided through such reasonable effort.

If the plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question whether plaintiff acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts.  Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce plaintiff's damages due to a failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether a defendant has satisfied its burden of proving that plaintiff's conduct was not reasonable.

Authority: 4-77 Modern Federal Jury Instructions-Civil P 77.07 (Matthew Bender 2013).

**Instruction No. 22 – Willful Non-Compliance Defined**

The term "willfully" means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something which the law requires to be done.  It is to knowingly, intentionally, deliberately and purposefully act in conscious disregard for Plaintiff's rights or exhibit ill will toward the Plaintiff.

For plaintiff to prove a willful violation, he must prove that the a defendant engaged in willful conduct and either knowingly or recklessly violated the requirements of the FCRA.

Authority:  Kevin F. O'Malley, et al., 3 Federal Jury Practice and Instructions § 153.39 (6th ed. 2012); *Pinner v. Schmidt*, 805 F.2d 1258, 1263 (5th Cir. 1986); *Stevenson v. TRW Inc.*, 987 F.2d 288, 293 (5th Cir. 1993); *Cousin v. Trans Union Corporation*, 246 F.3d 359, 372 (5th Cir.), cert. denied, 534 U.S. 951 (2001); *Safeco Ins. Co. of Amer. v. Burr*, 127 S. Ct. 2201, 2208-09, 2215-16 (2007); *Levine v. World Fin. Network Nat'l Bank*, 554 F.3d 1314, 1318 (11th Cir. 2009).

**Instruction No. 23 – Punitive Damages**

If you find that a defendant willfully violated the Fair Credit Reporting Act and you determine in your discretion that punitive damages should be awarded, you now must determine the amount of punitive damages that are to be awarded. In doing so, you are reminded of the requirement that the amount of punitive damages to be awarded must be fixed with calm discretion and sound reason and must never be based on sympathy or bias, or prejudice with respect to any party in the case.

Instead, you are to consider the following factors in determining the amount of punitive damages to award:

- Relationship to harm caused: Any punitive damages imposed should take into account the degree of reprehensibility of the conduct, the harm caused, whether the defendant was aware of the conduct's wrongfulness, the duration of the conduct, and any concealment. Any punitive damages awarded thus should bear a relationship to the nature and extent of the conduct and the harm caused, including the compensatory damages you already have awarded.  In that regard, you may not award punitive damages in an amount that is disproportionately higher than the amount of compensatory damages awarded.

- Other penalties for the conduct: Any penalty imposed should take into account as a mitigating factor any other criminal or civil penalty that may have been imposed or which may be imposed for the conduct involved.

- Improper profits: The amount of any penalty may focus on depriving the defendant of any profits derived from the improper conduct.

- Limitation based on ability to pay: Any award must be limited to punishment and thus may not effect economic bankruptcy. You may not increase the amount of an award based solely on the defendant's net worth or wealth where doing so would make the award inconsistent with the other factors mentioned above, particularly the degree of harm caused and the amount of compensatory damages you have awarded.

You are reminded that your verdict as to the amount of punitive damages must be unanimous.

Authority: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003); *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 2010 U.S. App. LEXIS 232, 108 Fair Empl. Prac. Cas. (BNA) 111, 22 Fla. L. Weekly Fed. C 372 (11th Cir. 2010), *cert. denied*, 131 S. Ct. 299 (2010).

**Instruction No. 24 – Plaintiff's Disclosure Claim Against Experian – Essential Elements**

The Fair Credit Reporting Act also requires that Experian shall, upon a consumer's request, disclose all information in the consumer's credit file at the time of the request to the consumer.

Plaintiff claims that Experian negligently failed to disclose the contents of Plaintiff's credit file to Plaintiff upon request.

Plaintiff has the burden of proof on his claim and so must persuade you by a preponderance of the evidence on each of the following propositions:

- That Plaintiff provided proper identification requesting information in his credit file;

- that Experian negligently did not disclose the specific contents of Plaintiff's credit file in response to Plaintiff's request;

- that Plaintiff was injured; and,

- that Experian's conduct was the proximate cause of Plaintiff's injuries.

Only if you find that each of these things has been proved against Experian, should your verdict be for the plaintiff and against Experian. However, if you find that any of these things has not been proved against Experian, your verdict should be for Experian.

Authority:  Fair Credit Reporting Act, 15 U.S.C. § 1681(g).

**Instruction No. 25 – Failure to Train Claim**

The Fair Credit Reporting Act requires credit reporting agencies, such as Experian, to provide trained personnel to explain to the consumer the information contained in his consumer disclosure. You may find that Experian violated the Fair Credit Reporting Act if you find that it did not train its employees.

Bear in mind, the plaintiff has the burden of proof on his claim and so must persuade you by a  preponderance of the evidence that Experian failed to train its employees.

Authority: 15 U.S.C. § 1681h(c).

**Instruction No. 26 – Permissible Purposes Claim**

Plaintiff claims that Experian provided his credit report to persons or companies who did not have a permissible purpose to receive it.  Persons or entities who intend to use credit information to review an account or collect a debt owed by the consumer have a permissible purpose in acquiring the information from consumer reporting agencies. Any CRA, such as Experian, may furnish a consumer report to an entity which it has reason to believe has a legitimate business need for the information.  If you find that Experian had reason to believe there was a legitimate business need for the requested consumer reports, then you may not find Experian liable for any impermissible reports.

Also, I charge you that this section of the Fair Credit Reporting Act does not impose strict liability upon Experian for providing a credit report to a person or company who does not have a permissible purpose for receiving it.  Instead, a consumer reporting agency, such as Experian, is only required to maintain reasonable procedures to avoid providing reports to persons or companies who do not have a permissible purpose for receiving them.  If you find that Experian did maintain reasonable procedures to prevent such disclosures – even if they occurred – then you may not find Experian liable for any impermissible reports.


Authority: 15 U.S.C. § 1681b(a)(1)(A); 15 U.S.C. § 1681b(a)(3)(F); 15 U.S.C. § 1681e(a); *Baker v. TransUnion LLC*, CV-07-8032-PCT-JAT, 2008 U.S. Dist. LEXIS 93266, at *6-12 (D. Ariz. Nov. 5, 2008).

**Instruction No. 27 – Attorneys Fees**

If you find for plaintiff, you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.  I will decide the matter of attorney fees and court costs, if any, at a later time.


Authority:  15 U.S.C. § 1681n(a)(3); *Bryant v. TRW, Inc.*, 689 F.2d 72 (6th Cir. 1982).

Respectfully submitted:


s/ Natalie A. Williams                          s/  Daniel E. Traver
Natalie A. Williams (Pro Hac Vice)              Daniel E. Traver
Jones Day                                       Florida Bar No. (0585262)
1420 Peachtree Street, N.E.                     dtraver@gray-robinson.com
Suite 800                                       GrayRobinson, P.A.
Atlanta, GA 30309                               301 East Pine Street Suite 1400
Telephone: (404) 581-3939                       Post Office Box 3068
Facsimile:  (404) 581-8330                      Orlando, FL 32801
nwilliams@jonesday.com                          Telephone:  (407) 843-8880
                                                Telecopier:  (407) 244-5690
Thomas Tierney
Florida Bar Number 0390150
Rossway Moore Swan
2101 Indian River Blvd                          Ronald I. Raether, Jr. (Pro Hac Vice)
Suite 200                                       rraether@ficlaw.com
Vero Beach, FL 32960                            Donald E. Burton (Pro Hac Vice)
Telephone: (772) 231-4440                       dburton@ficlaw.com
Facsimile:  (772) 231-4430                      FARUKI IRELAND & COX PLL
ttierney@verobeachlawyers.com                   500 Courthouse Plaza, S.W.
                                                10 North Ludlow Street
Attorneys for Defendant Experian                Dayton, OH  45402
Information Solutions, Inc.                      Telephone:  (937) 227-3733
                                                Telecopier:  (937) 227-3717

                                                Attorneys for Defendant
                                                LexisNexis Risk Data Retrieval Services, LLC

## CERTIFICATE OF SERVICE

I certify that on the 20th day of December, 2013, I electronically filed the

foregoing Defendants' Proposed Jury Instructions With Plaintiff's Objections Attached As

Exhibit 1 with the Clerk of Courts using the CM/ECF system, which will send a notice of

electronic filing to the following counsel of record:

J. Marshall Gilmore
1936 Lee Road, Suite 100
Winter Park, FL 32789
Telephone: (407) 629-7322
Facsimile:  (407) 599-3801
mgilmore@mgilmorelaw.com

Attorney for Plaintiff


Daniel E. Traver
Florida Bar No. (0585262)
dtraver@gray-robinson.com
GrayRobinson, P.A.
301 East Pine Street Suite 1400
Post Office Box 3068
Orlando, FL 32801
Telephone:  (407) 843-8880
Telecopier:  (407) 244-5690

Attorneys for Defendant LexisNexis
Risk Data Retrieval Services, LLC

Thomas Tierney
Florida Bar Number 0390150
Rossway Moore Swan
2101 Indian River Blvd
Suite 200
Vero Beach, FL 32960
Telephone: (772) 231-4440
Facsimile:  (772) 231-4430
ttierney@verobeachlawyers.com

Natalie A. Williams (Pro Hac Vice)
Jones Day
1420 Peachtree Street, N.E.
Suite 800
Atlanta, GA 30309
Telephone: (404) 581-3939
Facsimile:  (404) 581-8330
nwilliams@jonesday.com

Attorneys for Defendant Experian Information
Solutions, Inc.


s/  Natalie A. Williams
Natalie A. Williams